UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP DELGROSSO,

        Petitioner,

v.                                  CASE NO. 2:22-CV-12720
                                    HONORABLE SEAN F. COX
                                    CHIEF UNITED STATES DISTRICT JUDGE

JONATHAN HEMINGWAY,

        Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO ALTER OR TO AMEND JUDGMENT (ECF No. 6)

Philip Delgrosso, ("Petitioner"), filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The case was dismissed without prejudice because petitioner failed to timely correct his filing fee deficiency by either paying the $ 5.00 filing fee or submitting an application to proceed *in forma pauperis*.

Petitioner filed an objection to the opinion. The objection is construed as a motion to alter or amend judgment. *See Hill v. Air Tran Airways*, 416 F. App'x 494, 497 (6th Cir. 2011). For the reasons that follow, the motion is DENIED.

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc*., 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

1

judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Petitioner claims that he has no recollection of filing a habeas petition in this case on or about November 14, 2022, claiming that he can only recall filing a habeas petition before Judge Victoria A. Roberts in Case No. 22-cv-12082. Petitioner, however, did file what he labeled a Petition for Mandamus, which was filed with this Court on November 14, 2022. The petition is signed by petitioner. (ECF No. 1, Page 2). Moreover, the petition and the claims in it are different than the claims raised by petitioner in his case before Judge Roberts, which has since been dismissed. Petitioner therefore filed a petition in this case and was subject to the requirement that he either pay the $ 5.00 filing fee or submit an application to proceed *in forma pauperis*. The Court properly dismissed the case when petitioner failed to either pay the fee or submit the application to proceed *in forma pauperis*.

Petitioner's motion to alter or to amend judgment is denied; Petitioner merely presents issues which were already ruled upon by this Court, either expressly or by reasonable implication, when summarily dismissing the petition. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

**IT IS ORDERED THAT:**

The motion to alter or amend judgment (ECF No. 6) is **DENIED.**

Dated: August 8, 2023          s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge